UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KORY WATKINS, §<br>  Individually, and in his capacity as coordinator for §<br>OPEN CARRY TARRANT COUNTY, §<br>  Plaintiffs, §<br>§<br>v. §<br>§<br>CITY OF ARLINGTON §| Case: 4:14-cv-381 |

# PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs requests that the Court to render final summary judgment against the City of Arlington by a) declaring that Section 15.02 of the "Streets and Sidewalks" Chapter of the Code of the City of Arlington as passed in October 2014 is an unconstitutional prior restraint on speech, both facially and on an "as applied" standard, and b) issuing a permanent injunction restraining the defendant from enforcing the Sidewalk Ordinance.

## A. Grounds for Relief

1. Summary judgment is proper in this case because there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). In particular:

   a. The plaintiffs have a practice of exercising their freedom of speech by distributing political literature to motorists who request their literature while they are stopped at controlled intersections.

    b. On October 28, 2014, the defendant passed and intends to enforce a local ordinance that prohibits and imposes fines to individuals who enter a street to distribute political literature to motorists, unless plaintiffs remain fully on a curb.

    c. The plaintiffs will unavoidably violate this ordinance and be subjected to its punishments because they hand out literature to individuals who want to receive it during their demonstrations, but cannot reach but a fraction of the motorists without stepping into the street in such a way that they will do exactly those acts prohibited by the ordinance.

2. The plaintiff is entitled to judgment as a matter of law because, as more fully explained in the Supporting Memorandum of Points and Authorities, the ordinance violates plaintiffs' right to free speech and expression as provided in the First and Fourteenth Amendments under a facial and as-applied analysis.

3. Additionally, the Court may grant summary judgment *sua sponte*, based on grounds not raised by a party or after identifying for the parties material facts that may not be genuinely in dispute, and after providing notice and a reasonable time to respond. Fed. R. Civ. P. 56(f).

### B. Record on Motion

4. At the hearing on this motion, the plaintiff will rely on:

    a. This motion paper,

    b. The Statement of Undisputed Facts,

    c. The Affidavit of Kory Watkins, coordinator of Open Carry Tarrant County, who is both a named plaintiff and represents the membership of Open Carry, and all exhibits attached to that Affidavit, which is filed and served with this motion,

    d. The Supporting Memorandum of Points and Authorities filed and served with this motion,

    e. The Certificate of Service showing service of all of the papers mentioned above, and

    f. All of the pleadings and papers on file in this action.


Dated: March 30, 2015                Respectfully submitted,

                                     By: s/Warren V. Norred/
                                         Warren Norred, Texas Bar No. 24045094
                                         200 E. Abram Ste. 300, Arlington, TX 76010
                                         Tel. (817) 704-3984, Fax. (817) 549-0161
                                         Attorney for Plaintiffs

**CERTIFICATE OF SERVICE** - I certify that on March 30, 2015, a true and correct copy of the foregoing was served through the Court's electronic filings system and via fax to Robert Fugate, Attorney for the City of Arlington.

                                     By: s/Warren V. Norred/
                                         Warren Norred, Texas Bar No. 24045094