# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **KORY WATKINS,** | § | |
| Individually, and in his capacity as coordinator for | § | |
| **OPEN CARRY TARRANT COUNTY,** | § | |
| Plaintiffs, | § | **Case: 4:14-cv-381** |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF ARLINGTON** | § | |

## PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1.     In 1994, Arlington passed an ordinance in the "Streets and Sidewalks" Chapter of the Code of the City of Arlington. Section 15.02 of the ordinance ("Sidewalk Ordinance") regulated interactions between pedestrians and occupants of vehicles. Section 15.03 provided a list of specific intersections that were subject to the restrictions of Section 15.02.

App. Supp. Def.'s Resp. Ex. 1 (Section 15.02-03), App. at 77, ECF No. 11-1.

2.     Kory Watkins ("Watkins") is coordinator of Open Carry Tarrant County, ("Open Carry") (collectively "Plaintiffs") which seeks to educate Texans regarding gun rights, and which organizes group "walks" whereby participants walk on sidewalks and distribute copies of the United States Constitution and gun rights literature to those who indicate that they want it, including vehicle occupants at red lights. Exh. A, ¶¶1-4, Hearing Tr. 3, 14, July 7, 2014.

3.      In March 2014, while participating in a walk organized by Plaintiffs, two individual members of Open Carry were cited for violating the Sidewalk Ordinance when they provided Constitutions to occupants of vehicles that were stopped at a red light in Arlington. Exh A, ¶8. Exh B. COA 0396-0397.

4.      Prompted by the threat of the lawsuit, the City dismissed the citations, put a moratorium on enforcement of the ordinance until amending the Sidewalk Ordinance, effective May 29, 2014, which effectively prohibited all interaction between motorists and pedestrians near various intersections. Exh. A, ¶9, App. Supp. Def.'s Resp. Ex. 3 (Am. Section 15.02), App. at 69, ECF No. 11-3; *see also* Hearing Tr. at 34-35 (counsel for Arlington noted that the amendment was "certainly prompted by the threat of the lawsuit").

5.      Plaintiffs believe that statements made by the Council City members at the readings before the ordinance was passed on May 13, 2014 (the "May 2014 Ordinance") show it was deliberately intended to target Open Carry's walks. Exh. A, ¶10; Pls.' Reply Ex. A (Watkins Aff.), App. at 16, 18, ECF No. 13.

6.      During the Arlington City Council meeting held May 13, 2014, at about 21 minutes, Councilman Charlie Parker stated that people who did not follow the sidewalk ordinance would be incarcerated, though the ordinance did not include incarceration as a potential punishment. Though Parker's comments were made during passage of the May version of the law, and the law has been

since amended, Parker has not retracted that statement. See "Arlington City Council Evening Meeting", 13 May 2014, accessed 29 March 29 15, http://arlingtontx.granicus.com/MediaPlayer.php?view_id=2&clip_id=1555, Exh. A, ¶13, Exh. C, the City's Initial Disclosures, p.8.

7.      On July 14, 2014, after a hearing on the issue, this Court ordered a preliminary injunction and temporary restraining order enjoined enforcement the May 2014 Sidewalk Ordinance. ECF No. 19.

8.      After the Court enjoined the May 2014 Sign Ordinance, the City again revised the law on October 28, 2014, which now states:

> "No person who is within a public roadway may solicit or sell or distribute any material to the occupant of any motor vehicle stopped on a public roadway in obedience to a traffic control signal light. It is specifically provided, however, that a person, other than a person twelve years of age or younger; may solicit or sell or distribute material to the occupant of a motor vehicle on a public roadway so long as he or she remains on the surrounding sidewalks and unpaved shoulders, and not in or on the roadway itself, including the medians and islands."

> Def.'s App. Supp. Mot. Dismiss, App. at 10, ECF No. 39-1.

9.      Plaintiffs have located no study performed by the City to indicate a need for enhanced laws to address pedestrian-motorist interaction prior to passing the May 2014 and the Court's injunction in July 2014. Nor has the City provided any such study or document in its disclosures. Exh. A, ¶7

10.     Plaintiffs have been involved in hundreds of Open Carry walks; no one has ever been hurt or cited for impeding traffic during our walks. Exh. A, ¶20.

11.    After the Court's injunction, and while passing the October 2014 version, the City's staff report included the words "dangerous activity" and the City Council's presentation and deliberations included discussion of accidents and a sudden need to address an explosion of accidents. Exh. D. COA_0245.

12.    Plaintiffs believe that Arlington's actions to discuss safety issues is "nothing more than an attempt to excuse whatever it can do to stop our political speech." Exh. A, ¶17.

13.    Plaintiffs feel as though their freedom of speech has been chilled, and members of Open Carry fear harassment and incarceration if they violate the Sidewalk Ordinance, though the legal punishment for violation of the Sidewalk Ordinance is a maximum of $500. Exh. A, ¶¶14-15, 17-19; App. Supp. Defs.' Resp. Ex. 3 (Am. Section 16.01), App. at 78, ECF No. 11-3 ("Violation of any provision of this Chapter shall be considered a misdemeanor punishable by a fine not to exceed . . . $500.00 . . . .").

14.    Plaintiffs also feel as though the most recent version of the Sidewalk Ordinance is vague, in that they do not know if sidewalks are considered part of the street for purposes of the Sidewalk Ordinance, and it would be easy to violate the law when just trying to reach a high window. Exh. A, ¶16, 21.

15.    The current October 28, 2014 Sidewalk Ordinance has no exception for state employees. Exh. A of Exh. 2, Second Decl. of Supino, ECF. No. 33-2.

16.     However, the City has stated that it will continue giving preferential treatment to state employees, not subjecting them to the restrictions contained within the Sidewalk Ordinance. Exh. E.

17.     To assist in providing preferential treatment, the City is promulgating a form to facilitate that treatment. Aff. Kory Watkins, ECF No. 38-1, p.10-11.

18.     The State of Texas regulates street solicitation, as follows:

    a.   <u>No pedestrian-to-vehicle solicitation.</u> Texas state law prohibits contribution or business from a vehicle, except that a person "may stand in a roadway to solicit a charitable contribution if authorized to do so by the local authority having jurisdiction over the roadway." Tex. Transp. Code Ann. § 552.007 (West 2013).

    b.   <u>Cities have regulatory limits regarding state employee solicitation</u>. Texas state law provides a ceiling on regulation which a municipality may impose on state employees involved in solicitation in a roadway, which includes an application process turned in more than ten days, such application to include the dates, times, number of participants, a liability  insurance policy of at least one million dollars to cover damages, among other requirements.  Tex. Transp. Code Ann. § 552.0071. ECF. No. 13, p.13.

c. <u>Pedestrians may not obstruct streets.</u> Tex. Penal Code § 42.03 prohibits the intentional obstruction of streets and makes such behavior a Class B misdemeanor. Tex. Penal Code. § 42.03, ECF No. 38-1, p.13.

d. No Texas law *requires* a municipality to actively regulate pedestrian-motorist interaction, whether it is commercial or political in nature.

19.    The City regulates pedestrian-motorist interaction with a variety of laws, and has produced discovery documents showing the citations for these various offenses. The reports gathers the offenses in ways which make an exact analysis impossible, but includes the following data:

| Code | Offense Codes | Description | No. | Years |
|------|---------------|-------------|-----|-------|
| 6194 | Pedestrian On Roadway To Distribute Literature, Etc. | Ord. 15.02(C) | 7 | '04-'11 |
| 8432 | Person in prohibited area solicit ride, employ, contrib. from veh | Ord. 15.02(A) | 227 | '02-'14 |
| 8433 | Person in proh area to sell prod, prop, serv, to veh occupant | Ord. 15.02(B) | 6 | '03-'08 |
| 8434 | Person on shoulder/sidewalk/median distribute literature etc. | Ord. 15.02(C) | 10 | '06-'14 |
| 9540 | Aggressive solicitation of operator of motor vehicle in traffic Ord. | Misc. 1.16(C)(5) | 15 | '08-'14 |
| 352 | Pedestrian in roadway to solicit ride, contrib., work, etc. | § 552.007 | 521 | '02-'14 |
| 6002 | Pedestrian on or near rd. to solicit guarding parked vehicle | § 552.007 | 3 | '07-'11 |

Exh. I., COA 0330.

20.    During the passage of the latest Sidewalk Ordinance in October 2014, the City provided a number of reports and compilations of accidents. None of these documents or reports show how a more restrictive distribution law can be expected to lower pedestrian accidents. Exh. F, COA 0526-0638.

21.    The City's records do not indicate which citations were given to the same individual at one time for one occurrence, or break out citations for individuals looking for employment or a ride, but taking a liberal interpretation of the data, the City issues fewer than 75 citations per year for all categories of pedestrian offenses, many of which are not pertinent to this dispute.

22.    No party has alleged that plaintiffs have violated or cited any member of OCTC for any violation of Tex. Transp. Code Ann. § 552.007 or any of the above offenses during an Open Carry walk, except the two citations given under the Sidewalk Ordinance prior to its two recent amendments. Exh. A, ¶8.

23.    The City has admitted that the Arlington Police Department has issued zero citations for obstruction pursuant to Tex. Penal Code § 42.03.

> 40.    Produce all citations issued by the Arlington Police Department for violations of Texas Penal Code § 42.03 Obstructing Highway or other Passageway within the last five (5) years.
>
> RESPONSE:
>
> None.

Exh. G - Arlington's Obj. and Resp. to Plaintiff's Second Req. for Prod.

24.    Prior to Plaintiffs' political activity, many organizations have had interaction with motorists without any attention from the City, including bands, cheer squads, and athletic groups. None of which have been cited by the Arlington police. Pls.' Reply Ex. A (Watkins Aff.), App. at 19, ECF No. 13.

25.    Other than an accident in 1997 involving a Shriner, Plaintiffs have been unable to obtain any information regarding accidents and political rallies in Arlington and argue that nobody has been injured "during any similar exercise by any type of . . . group or organization . . . such as the many car washes, fire-fighting fund-raising events, or 'send my band member on a field trip' fund-raising efforts that are ongoing year-round in Arlington." Compl. ¶ 15; see also Pls.' Mem. Supp. Ex. A (Watkins Aff.), App. at 2, ECF No. 6-1.

26.    The City adopted its Hike and Bike System Master Plan on August 2, 2011. App., Exh. H, p.161-162, COA 0853.

27.    The City has created many miles of bike lanes, and seeks to create a 158-mile bike network, with 50 miles of the new lanes along streets. App., Exh. H, p.163, COA 869.

28.    With the Hike and Bike System Master Plan, the City has adopted a plan that is consistent with the "Complete Streets" Policy, a policy defined in the Plan with: "Complete Streets are designed and operated to enable safe access for all users. Pedestrians, bicyclists, motorists and bus riders of all ages and abilities are able to safely move along and across a complete street." See App., Exh. H, p.164, COA 873.

29.    Further, the City states, "By adopting a 'Complete Streets' policy, the City of Arlington commits to developing new roadways and reconstructing

existing roadways to accommodate *all* users. App., Exh. H, p.164, COA 873 (Emphasis added.)

30.     In the City's adopted plan, the minimum recommended bike lane width is five feet. App., Exh. H, p.165 COA 917.

31.     In the Appendix C to the City's Hike & Bike Policies, the City quotes with approval US Department of Transportation Secretary Ray LaHood, who states while discussing the key elements of livability and sustainability in all transportation projects, "the right of way doesn't just belong to cars - it belongs to pedestrians and bicyclists as well." App., Exh. H, p.166, COA 1108.

32.     All parties to this suit agree that the government has a significant interest in the unconstructive flow of traffic in the roadways.

33.     All parties agree that the public streets are traditional public forums.

34.     The parties agree that leafletting and are protected under the First Amendment. Hearing Tr. at 51.

Submitted this March 30, 2015,

By: _____

Warren Norred, Texas Bar 24045094
wnorred@norredlaw.com
C. Chad Lampe, Texas Bar 24045042
chad@norredlaw.com
200 E. Abram St., Ste. 300; Arlington, TX 76010
O 817-704-3984; F 817-524-6686
Attorneys for Plaintiff

Davis Miles McGuire Gardner, PLLC
Joshua Carden, Texas Bar 24050379
jcarden@davismiles.com
545 E John Carpenter Frwy, Suite 300
Irving TX, 75062
Phone: (972) 674-3885
Fax: (972) 674-2935
Attorney for Plaintiffs

<u>CERTIFICATE OF SERVICE</u> - On the afternoon of March 30, 2015, I served the foregoing to Robert Fugate, counsel for the City, through the ECF system.

/s/ Warren V. Norred